UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Cecilio Cardenas

                                       Plaintiffs,

            -against-

Thornwood Pizza and Pasta and Tino (LNU).

                                 Defendants.
------------------------------------------------------------------X

COMPLAINT

## JURISDICTION AND VENUE

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et. seq.

2. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. § 216. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of New York according to 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES

4. Plaintiff Cecilio Cardenas resides in Mount Kisco, New York.

5. On information and belief, defendant Thornwood Pizza & Pasta ("Thornwood Pizza") is a corporation formed in the State of New York and is doing business at 808 commerce street, Thornwood, New York, 10594.

6. On information and belief, defendant Tino (LNU) ("Tino") is a Principal Executive Officer of Thornwood Pizza with his principal place of business located at Thornwood Pizza, and is domiciled in New York State.

## BACKGROUND FACTS

7. Defendant Thornwood Pizza is an "employer" under the Fair Labor Standards Act ("FLSA").

8. Defendant Thornwood Pizza is an "employer" under the New York Labor Law ("NYLL").

9. Defendant Tino is an "employer" under the FLSA.

10. Defendant Tino is an "employer" under the NYLL.

11. On information and belief, Thornwood Pizza is owned, in whole or in part, by Tino.

12. During any period of time whatsoever between June 1, 2015 through April 1, 2016, Defendant Thornwood Pizza had the ability to perform one or more of the following actions: (1) hire certain employees of Thornwood Pizza, (2) terminate the employment of certain employees of Thornwood Pizza, (3) set the wage rates of certain employees of Thornwood Pizza, (4) maintain payroll records for certain employees of Thornwood Pizza, or (5) institute

1

work rules for certain employees of Thornwood Pizza.

13. During any period of time whatsoever between June 1, 2015 through April 1, 2016, Defendant Tino had the ability to perform one or more of the following actions: (1) hire certain employees of Thornwood Pizza, (2) terminate the employment of certain employees of Thornwood Pizza, (3) set the wage rates of certain employees of Thornwood Pizza, (4) maintain payroll records for certain employees of Thornwood Pizza, or (5) institute work rules for certain employees of Thornwood Pizza.

14. Thornwood Pizza is involved in an industry affecting commerce within the meaning of the FLSA.

15. Defendant Thornwood Pizza's annual revenues exceed $500,000 in the year 2016.

16. Defendant Thornwood Pizza's annual revenues exceed $500,000 in the year 2015.

17. The business activities of the Defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of the FLSA.

18. Plaintiff individually engaged in interstate commerce within the meaning of the FLSA by regularly using the instrumentalities of interstate commerce to perform his work, which was directly essential to defendants' business.

19. Plaintiff's job responsibilities while working at Thornwood Pizza included using his automobile to deliver food to customers throughout Westchester County, using the public highways to transport food, purchasing gasoline for his car, and incurring the wear and tear of travel related business that would require him to purchase equipment manufactured from outside the State of New York and used inside the state of New York.

20. Thornwood Pizza failed to keep accurate and sufficient payroll and time records, as required by law.

**Plaintiff Cecilio Cardenas**:

21. Plaintiff Cecilio Cardenas started working for Defendant Thornwood Pizza as a food delivery driver in June, 2015.

22. Plaintiff Cecilio Cardenas, was employed by Defendant Thornwood Pizza during the 2016 calendar year.

23. Plaintiff Cecilio Cardenas, was employed by Defendant Thornwood Pizza during the 2015 calendar year.

24. Plaintiff Cecilio Cardenas did not have the authority to hire or fire employees, did not supervise employees, and did not use his independent judgment or discretion while working for Thornwood Pizza.

25. At all relevant times herein, plaintiff Cecilio Cardenas was not exempt from the FLSA.

26. Defendants paid Plaintiff Cecilio Cardenas in cash.

27. Defendants paid Plaintiff Cecilio Cardenas fifty dollars ($50.00) for each day he worked from Monday through Saturday in the workweek.

28. Defendants paid Plaintiff Cecilio Cardenas twenty-five dollars ($25.00) for working on Sunday.

29. Defendants did not pay Plaintiff Cecilio Cardenas by the hour.

30. Defendants only paid Plaintiff Cecilio Cardenas a fixed payment of either $25.00 or $50.00 for the work he performed.

31. Defendants paid Plaintiff Cecilio Cardenas at the end of each workday.

32. At the end of the workweek, Plaintiff Cecilio Cardenas daily payments from Defendants equaled three hundred and twenty-five dollars ($325.00).

33. The Defendants never notified Plaintiff Cecilio Cardenas that the Defendants intended to use a tip credit as part of Plaintiff Cecilio Cardena's compensation structure.

34. The Defendants never provided Plaintiff Cecilio Cardenas a written notice of his pay rate and the pay day.

35. In the 2015 calendar year, each week Plaintiff Cecilio Cardenas worked for Thornwood Pizza, he received tips from customers equaling at least $1.60 per hour.

36. In the 2016 calendar year, each week Plaintiff Cecilio Cardenas worked for Thornwood Pizza, he received tips from customers equaling at least $1.95 per hour

37. Plaintiff Cecilio Cardenas regularly worked for Defendants from Monday through Sunday.

38. From Monday through Saturday, Plaintiff Cecilio Cardenas worked from 11:30 am to 10:00 pm each workday.

39. On Sundays, Plaintiff Cecilio Cardenas worked from 11:30 am to 5:00 pm.

40. Plaintiff Cecilio Cardenas worked 28.5 hours in excess of 40 hours each week of his employment.

41. Defendants never paid Plaintiff Cecilio Cardenas an overtime premium for the 28.5 hours worked in excess of 40 in a workweek.

42. Defendants failed to pay Plaintiff Cecilio Cardenas a spread of hours pay premium for working in excess of 10 hours each day he worked at Thornwood Pizza.

43. Defendant failed to pay Plaintiff Cecilio Cardenas one extra hours pay at the rate of at least the New York State Minimum Wage for working in excess of ten hours in a workday.

44. Plaintiff Cecilio Cardenas worked six days a week in which he worked in excess of 10 hours in a day.

**<u>AS AND FOR A FIRST CAUSE OF ACTION</u>**
**<u>(Failure to pay overtime - Federal & State)</u>**
**<u>29 U.S.C §201 et. seq. & 12 NYCRR §142-2.2</u>**

45. Plaintiff repeats, re-alleges and incorporates each and every allegation as though fully set

3

forth herein.

46. Defendants have not compensated Plaintiff with overtime premium pay for hours worked in excess of 40 per week.

47. Pursuant to the FLSA & NYLL, Plaintiff is entitled to one and one-half of their regular rate of pay for each hour worked in excess of 40 hours per workweek.

48. Defendant failed to pay Plaintiff overtime for all overtime hours worked.

49. Defendant willfully refused and failed to compensate Plaintiff for overtime work, causing damage to Plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Failure to pay Minimum Wage - Federal & State)
### 29 U.S.C §201 et. seq. & 12 NYCRR §146-1.2

50. Plaintiff repeats, re-alleges and incorporates each and every allegation as though fully set forth herein.

51. Defendants have not compensated Plaintiff with at least the New York State Minimum Wage for all hours worked.

52. Pursuant to the FLSA & NYLL, Plaintiff is entitled to receive at least the New York State Minimum Wage for all hours worked.

53. Defendant willfully refused and failed to compensate Plaintiff with at least the New York State Minimum Wage for all hours worked, causing damage to Plaintiff.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Wage Theft Prevention Act)

54. Plaintiff repeats, re-alleges and incorporates each and every allegation as though fully set forth herein.

55. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiff with a required notice containing the following information:

    i. the rates or rates of pay and basis thereof,

    ii. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    iii. the regular pay designated by the employer in accordance with NYLL §191;

    iv. the name of the employer;

    v. Any "doing business as" names used by the employer;

      vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

      vii. The telephone number of the employer.

56. Defendants willfully failed to furnish Plaintiff with an accurate statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including over time hours; deductions, allowances, and net wages.

57. Due to Defendant's violation of NYLL §195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $50 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorneys fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Spread of Hours)**
**(12 NYCRR 146-1.6)**

58. Plaintiff repeats, re-alleges and incorporates each and every allegation as though fully set forth herein.

59. Pursuant to 12 NYCRR 146-1.6, an employee is entitled an extra hours pay at the prevailing New York State Minimum Wage when the employee works more than 10 hours in a workday.

60. The Plaintiff regularly worked in excess of 10 hours each day he worked.

61. The Defendants failed to pay plaintiff the spread of hours pay premium for working in excess of 10 hours each day they worked at Thornwood Pizza.

**JURY DEMAND**

62. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment:

    i. Directing Defendants to pay Plaintiff overtime premium pay for each hour worked in excess of 40 per week pursuant to 29 U.S.C. §216 and NYLL;

    ii. Directing Defendants to pay Plaintiff the difference between the wages he received from Defendants and the New York State Minimum Wage for each hour worked pursuant to 29 U.S.C. §216 and NYLL;

    iii. Directing Defendants to pay Plaintiff additional amounts as liquidated damages due to Defendants' willful failure to pay overtime pay and minimum wage pursuant to both 29 U.S.C. §216 and New York Labor Law.

    iv. Directing Defendants to pay damages to Plaintiff under the Wage Theft Prevention Act

      of $50 per workweek, up to $5,000 per plaintiff and $250.00 per workweek up to a maximum of $5,000.00 per year, as liquidated damages for failing to provide Plaintiff with an accurate pay stub as required by the Wage Theft Prevention Act, plus reasonable counsel fees, and costs, and disbursements.

v. Directing Defendants to pay Plaintiff's costs and attorneys fees, pursuant to the FLSA and New York Labor Law;

vi. Prejudgment interest, post-judgment interest, costs and disbursements, and such other and further relief as this Court deems just and equitable.

Dated:   White Plains, New York
            July 26, 2016

 

_____
Jordan El-Hag, Esq.
*Attorney for Plaintiffs*
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 755-1579 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com